IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIXIE SOLOMON, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | C.A. No. 06- |
| | ) | |
| vs. | ) | |
| | ) | |
| HOUSING AUTHORITY OF THE | ) | |
| CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. The Plaintiff, Rixie Solomon, seeks declaratory and injunctive relief with respect to the conduct of the Defendant which has deprived Ms. Solomon of her rights secured by the United States Housing Act, 42 U.S.C. § 1437 et seq., and the regulations promulgated thereunder, at 24 C.F.R. § 982, thereby resulting in the wrongful withdrawal of her Section 8 housing assistance application.

2. Specifically, Ms. Solomon, a 62 year old disabled woman who applied to the Defendant for federally subsidized rental housing benefits pursuant to the Section 8 program, challenges as unlawful both (1) the Defendant's denial of Ms. Solomon's application for such Section 8 benefits and (2) the Defendant's subsequent refusal to adhere to the decision of the Defendant's hearing officer who, following an administrative grievance hearing, directed the Defendant to reinstate Ms. Solomon Section 8 application.

3. The Defendant's initial rejection of Ms. Solomon's Section 8 application and its subsequent refusal to comply with the determination of its own administrative hearing officer to grant Ms. Solomon's Section 8 application illegally violates the United States Housing Act and the regulations promulgated by the Department of Housing and Urban Development pursuant thereto.

4. By this action, Ms. Solomon seeks the immediate receipt of the Section 8 housing benefits for which she is eligible, and to which the Defendant has determined Ms. Solomon entitled. Ms. Solomon further seeks a permanent injunction against the Defendant to prevent it from refusing to immediately authorize and grant Section 8 benefits to Ms. Solomon, and to prevent the Defendant from refusing to comply with the determination of its hearing officer directing the Defendant to authorize and grant Section 8 benefits to Ms. Solomon. Further, Ms. Solomon seeks a declaratory judgment that the Defendant's conduct and practice in this regard violates the federal Housing Act and the pertinent regulations promulgated by the Department of Housing and Urban Development.

## II. JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this action arises under the Constitution of the United States. Jurisdiction is additionally conferred on this Court by 28 U.S.C. §§ 1343(3) and (4) in that this is an action arising under 42 U.S.C. § 1983, which provides for redress in the instance of deprivations under color of state law, ordinance, regulation, custom, or usage of rights secured by the Constitution and laws of the United States. Ms. Solomon's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Ms. Solomon's claims arose in this district, Ms. Solomon resides in this district, and the Defendant's office is located in this district.

## III. PARTIES

7. The Plaintiff, Rixie Solomon, is a single, indigent and disabled 62 year old adult individual who is a resident of Allegheny County. Her sole sources of income derive from Supplemental Security benefits of $603.00 monthly, Department of Public Welfare benefits of

$27.40 monthly, and from food stamps of $134.00 monthly.

8. Ms. Solomon currently lives in a house that she rents for $390.00 per month, nearly 62% of her disposable income. This house is neither safe nor sanitary. For instance, the walls are water damaged and contain dangerous mold and mildew. The plaster on many of these walls is cracked and electrical wiring is exposed. The house is infested with insects such as ants. The front door is broken, as are the steps leading to the basement. Despite Ms. Solomon's requests, her current landlord will not repair the property. Ms. Solomon cannot, however, find a new housing unit that is both affordable and of a higher quality than her current unit. Accordingly, Ms. Solomon wishes to participate in Defendant HACP's Section 8 housing program which offers quality housing at a rental rate, including utilities, of only 30% of the renter's income.

9. The Defendant, Housing Authority of the County of Pittsburgh ("HACP"), is a public corporation with its central business office located at 200 Ross Street, Pittsburgh, PA 15219. The HACP is charged with the responsibility, *inter alia*, to operate and manage the federally residential tenant Section 8 program which grants to indigent renters and their landlords of privately-owned residential properties monthly subsidies to enable these tenants to financial ability to rent decent housing, in accord with the federal Housing Act and the regulations promulgated thereto.

## IV. STATEMENT OF FACTS

10. On February 1, 2006, Ms. Solomon applied for admission into the Section 8 federally subsidized residential rent program administered by Defendant HACP.

11. On or about February 21, 2006, the Defendant denied Ms. Solomon's Section 8 application on the grounds that Ms. Solomon allegedly still owed the Defendant an outstanding debt for past due rent arising from Ms. Solomon's 1985 tenancy in one of the HACP's public housing units.

12. Ms. Solomon timely requested an administrative grievance hearing to challenge the Defendant's rejection of her Section 8 application.

13. The Defendant appointed the hearing officer responsible for conducting an informal grievance hearing and considering Ms. Solomon's grievance, in accord with and prescribed by the pertinent federal regulations.

14. At the April 11, 2006 informal administrative grievance hearing, Ms. Solomon's counsel asserted that the HACP could not properly base its rejection of Ms. Solomon's Section 8 application upon the existence of the 1985 HACP rent debt because the HACP's collection of the debt was barred by both the statute of limitations and the equitable doctrine of laches.

15. The HACP did not present any evidence showing that it had ever obtained a judgment for the alleged debt.

16. On May 10, 2006, the HACP hearing officer issued a written determination overturning the Defendant's denial of Ms. Solomon's Section 8 application. A copy of the hearing officer's decision is attached as Exhibit 1.

17. The HACP hearing officer found that "the laches doctrine applies in the case at hand as the debt dates back to 1985 and it appears that the HACP has not taken proper steps to enforce their rights."

18. The HACP hearing officer consequently directed the Defendant to "reactivate" the Plaintiff's file and continue "processing" Ms. Solomon's Section 8 application.

19. On May 16, 2006, in accord with the May 10, 2006 grievance decision, the Defendant scheduled an appointment with Ms. Solomon to complete Ms. Solomon's Section 8 application. The parties met for this purpose on May 17, 2006.

20. Ms. Solomon heard nothing further from the Defendant for more than a month.

21. On June 26, 2006, the Defendant sent Ms. Solomon a letter, attached as Exhibit 2, informing Ms. Solomon that "the HACP is not bound by the decision, as it is contrary to relevant federal regulation. Accordingly, your application for participation in the Section 8 program hereby remains withdrawn."

22. In its June 26, 2006 letter, the Defendant cited as its basis for refusing to comply with the decision of the hearing officer 24 CFR 982.555(f)(1) and (2), which provide that a public housing authority is not bound by a hearing officer's decision when it is "contrary to HUD regulations or requirements, or otherwise contrary to federal, state, or local law."

23. Further, the Defendant cited as its basis for rejecting Ms. Solomon's Section 8 application "24 CFR 982.553(c)(1)(v)"–apparently intending to rely on 24 CFR 982.552(c)(1)(v)– which provides that a housing authority "may ... deny ... assistance ... [i]f the family currently owes rent or other amounts to the PHA … ."

24. Thus, the Defendant has refused and continues to refuse to take any steps to process Ms. Solomon's Section 8 application, as directed by the decision of the Defendant's hearing officer.

25. Consequently, Ms. Solomon continues to be denied the Section 8 benefits for which she applied and to which the Defendant's hearing officer found Ms. Solomon entitled.

26. As a result, Ms. Solomon, who can barely afford to pay her monthly rent with her limited financial resources and who cannot afford to move into a sanitary and safe apartment, continues to be deprived of the desperately-needed federal Section 8 subsidy which would enable Ms. Solomon to afford and maintain decent housing as the Section 8 program is intended.

## V. CAUSE OF ACTION: VIOLATIONS OF FEDERAL HOUSING ACT AND OF HUD REGULATIONS PROMULGATED THEREUNDER

27. The United States Housing Act, 42 U.S.C. § 1437 et seq., established the federally-subsidized Section 8 housing program "...to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe and sanitary dwellings for families of lower income... ."

28. In accord with the Act, the United States Department of Housing and Urban Development ("HUD") subsequently published regulations to implement and administer the Section 8 program at 24 CFR Part 982.

29. Further, all local public housing authorities are required to prepare individualized written administrative plans which outline the policies and procedures by which the housing authorities effectuate the proper administration of their programs in conformity with federal law. 24 CFR §§ 982.54(a). This plan must be adopted by the Public Housing Authority Board of Commissioners or other authorized Housing Authority officials. Id.

30. The pertinent regulations, 24 CFR §§ 982.554 and 982.555, provide to applicants who are denied Section 8 benefits the right to administrative review of such denials, by means of an informal grievance hearing.

31. 24 CFR § 982.555(f) requires that public housing authorities must be bound by a hearing decision concerning Section 8 participants unless (1) the hearing concerns "a matter for which the PHA is not required to provide an opportunity for an informal hearing under this section, or that otherwise exceeds the authority of the person conducting the hearing under the PHA hearing procedures," or (2) the hearing decision is "contrary to HUD regulations or requirements, or otherwise contrary to federal, State or local law."

32. The Defendant's HUD-approved Section 8 Program Administrative Plan similarly provides that the Defendant must be bound by a hearing decision regarding a Section 8 "applicant/participant" unless the decision is "contrary to HUD regulations or requirements, or

otherwise contrary to federal, state, or local law." A copy of the pertinent provision of the Defendant's Administrative Plan is attached as Exhibit 3.

33. The decision of the Defendant's hearing officer requiring the reinstatement of Ms. Solomon's Section 8 application does not contravene 24 CFR 982.552(c)(v), which provides that "[t]he PHA *may* at any time deny program assistance for an applicant...(v) '[i]f the family *currently owes* rent or other amounts to the PHA or to another PHA in connection with Section 8 or public housing assistance under the 1937 Act." (emphasis added).

34. The hearing officer's reliance upon the equitable doctrine of laches in reaching her conclusion that Ms. Solomon's Section 8 application was wrongfully rejected and must be reinstated does not contravene 24 CFR 982.552 and it does not contravene any other HUD regulations or requirements, or any federal, state or local law.

35. The conduct, practice and procedure of the Defendant in refusing to comply with the decision and direction of its hearing officer to reinstate Ms. Solomon's application for Section 8 benefits constitute improper and illegal violations of the federal Housing Act and the mandatory regulations promulgated thereto.

36. The Defendant consequently lacked any legal right or authority to disregard and refuse to comply with the decision and direction of its hearing officer to reinstate Ms. Solomon's Section 8 application.

37. Neither 24 CFR 982.552 nor any other HUD regulations or requirements or any federal, state, or local law permit the Defendant to reject a Section 8 application on the grounds that a Section 8 applicant owes an existing rent debt, the collection for which has been barred by the pertinent statute of limitations.

38. The conduct, practice and procedure of the Defendant in rejecting Ms. Solomon's application for Section 8 benefits on the grounds that Ms. Solomon owed the Defendant a rent

debt which, due to the statute of limitations, can no longer be collected by the Defendant, constitute improper and illegal violations of the federal Housing Act and the mandatory regulations promulgated thereto.

39. The Defendant consequently lacked any legal right or authority to reject Ms. Solomon's Section 8 application.

40. Ms. Solomon has suffered damages, namely her continued housing in an unsanitary unit, due to the Defendant's illegal actions.

## VI. **RELIEF REQUESTED**

WHEREFORE, the Plaintiff requests this Court to enter relief as follows:

1. Enter a declaratory judgment against the Defendant pursuant to 28 U.S.C. § 2201 and F. R. Civ.P. 47, on the grounds that its conduct, practices and procedures have violated the legal rights afforded the Plaintiff pursuant to the United States Housing Act and the regulations promulgated thereto;

2. Enter a preliminary and permanent injunction directing the Defendant to re-activate Plaintiff's Section 8 application using the original date and time of the application;

3. Impose costs upon the Defendants;

4. Grant such additional relief as may be deemed fair and proper.

Respectfully Submitted:

s/Beth A. Thomas
Beth A. Thomas
Pa.I.D. No. 93827
Neighborhood Legal Services Association
928 Penn Avenue
Pittsburgh, PA 15222
(412) 586-6153

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Beth Thomas, hereby certify that on this 30th day of August, 2006, I served the foregoing Complaint upon the following counsel of record via hand delivery:

>  Housing Authority of the City of Pittsburgh
>  200 Ross Street
>  Pittsburgh, Pennsylvania 15219

>  s/ Beth A. Thomas
>  Beth A. Thomas, Esq.
>  Pa.I.D. No. 93827
>  Neighborhood Legal Services Association
>  928 Penn Avenue
>  Pittsburgh, PA 15222
>  (412) 586-6153
>
>  Counsel for Plaintiff